UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-20989-CR-MOORE/SIMONTON

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**NORBERTO DOMINGUEZ, et al.,**

    Defendants.
_____/

**ORDER GRANTING GOVERNMENT'S MOTION FOR
PRETRIAL ADMISSIBILITY HEARING OF CD'S AND TRANSCRIPTS**

Presently pending before the Court is the United States' Motion for Pretrial Admissibility Hearing of CD'S and Transcripts or, in the Alternative, Request for Stipulations (DE # 76, filed 1/29/10).  This motion is referred to the undersigned Magistrate Judge (DE # 26).  A hearing was held on February 2, 2010, at which time the relevant parties agreed to the entry of an Order granting this motion.  The agreement was read into the record at the hearing, and this Order sets forth that ruling.

    I.    **BACKGROUND**

At the outset, the undersigned notes that Defendants Norberto Dominguez and Gilberto De Los Rios advised the Court that they intended to enter guilty pleas prior to trial, and that they had entered into a stipulation with the Government regarding the issues presented in the Government's motion.  Therefore, they were not required to participate in the contested hearing, and their presence at the hearing was excused.  In addition, Defendant Estrada has not been arrested.  Therefore, the hearing on this Motion involved only Defendant Eduardo Alvarez Miranda and Manuel Lechuga Perez,

both of whom were present with counsel.

Defendants Alvarez Miranda and Lechuga Perez are charged in two counts of a five-count Indictment with conspiracy to possess with intent to distribute at least five kilograms of cocaine between July 24, 2009 and July 28, 2009, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and § 846 (Count 4), and with knowingly and intentionally possessing with intent to distribute at least five hundred (500) grams of cocaine on July 28, 2009, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) (Count 5).

The Government intends to introduce at trial certain conversations among the alleged co-conspirators which were intercepted pursuant to a court-authorized wiretap, as well as transcripts of those conversations. The presently pending motion seeks a pretrial ruling concerning the admissibility of those recorded conversations.

II.     THE PENDING MOTION

In its Motion the Government seeks a pretrial ruling pursuant to Federal Rule of Evidence 104(a) that it has met its burden of establishing that the recordings are authentic, and that therefore they are admissible in evidence, subject to objections which may be made by defense counsel on other grounds.

III.    FRAMEWORK FOR ANALYSIS

At the outset of the hearing, the undersigned set forth the legal analysis that she believed governed this issue, and the parties concurred that this was the appropriate legal standard. This framework is set forth below.

Federal Rule of Evidence 104 sets forth the framework for determining preliminary questions concerning the admissibility of evidence. Pursuant to Rule 104(a), the Court determines preliminary questions concerning the admissibility of evidence. Subsection 104(b) of the Rule provides that when the "relevancy of the evidence depends upon the

fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." Subsection 104(c) states that hearings to determine these preliminary matters may be held outside the hearing of the jury "when the interests of justice so require." Finally, subsection 104(e) specifically states that "[t]his rule does not limit the right of a party to introduce before the jury evidence relevant to weight or credibility." Thus, even though the Court is charged with the responsibility of determining whether the recordings at issue are admissible, this determination does not prevent the defense from challenging this evidence at trial, in terms of any factors which bear upon the weight that the jury should accord such evidence.

IV.     **THE AGREEMENT OF THE PARTIES**

In lieu of live testimony from the witnesses who were present at the hearing, the parties stipulated to the following facts:

1.      Each of the recordings contained on Government Exhibit 5A is a true and accurate copy of a telephone conversation legally intercepted pursuant to a court-ordered wiretap of telephone number (786) 382-1557 used by Luis Mario Lara-Estrada. Each of the recordings contained on Government Exhibit 5A accurately reproduces both the words spoken and the sounds of the speakers' voices as those words were spoken and as those sounds occurred in the original conversations reproduced in each of the recordings. Each of the recordings contained on Government Exhibit 5A occurred on the dates and at the times listed on the transcripts that correspond to the recordings and have remained in the continuous care and custody of law enforcement agents since their completion and have not been tampered with or altered since their recording.

2.      Each of the recordings on Government Exhibit 5B are selected calls from

Government Exhibit 5A.  Each of the recordings contained on Government Exhibit 5B accurately reproduces both the words spoken and the sounds of the speakers' voices as those words were spoken and as those sounds occurred in the original conversations reproduced in each of the recordings.  Each of the recordings contained on Government Exhibit 5B occurred on the dates and at the times listed on the transcripts that correspond to the recordings and have remained in the continuous care and custody of law enforcement agents since their completion and have not been tampered with or altered since their recording.

Based upon the above agreed facts, the parties agreed that the foundation has been established regarding authentication of the recordings contained in Government Exhibits 5A and 5B, and that those exhibits are admissible into evidence, subject to any objections other than authenticity which may be made by the Defendants at trial, e.g. relevancy, undue prejudice, etc.  In addition, as provided in Fed. R. Evid. 104(e), the Defendants remain free to adduce any evidence or argue any matters to the jury with respect to the weight to be given to these recordings.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that the United States' Motion for Pretrial Admissibility Hearing of CD'S and Transcripts (DE # 76, filed 1/29/10) is **GRANTED**, and Government Exhibits 5A and 5B may be admitted into evidence, subject to any objections other than authenticity which may be made by the Defendants at trial, e.g. relevancy, undue prejudice, etc., as set forth in the body of this Order.

The parties will have until the earlier of the start of trial, or fourteen days, within which to appeal this Order to the Honorable K. Michael Moore, United States District

**Judge.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.**  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on February 2, 2010.

*Andrea M. Simonton*
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable K. Michael Moore, United States District Judge
All counsel of record